## Hurwitz *v.* Kelly, Appellant.

*Sale—Fraud—Evidence—Question for jury.*

In an action of trespass where it appeared that the plaintiffs had purchased a stock of goods from a firm which had subsequently become insolvent, and whose partners absconded, and that the defendants were a constable and creditors who had seized the goods in the possession of the plaintiffs, a verdict for plaintiffs will not be reversed where the court fairly submitted the question of plaintiff's previous knowledge and intended fraud in such a manner that if found against the plaintiffs, there could not have been a recovery.

In such a case where the evidence shows that the defendants acted in concert and in furtherance of a common purpose, they are liable jointly, if liable at all.

Argued Nov. 22, 1904. Appeal, No. 56, Oct. T., 1904, by defendants, from judgment of C. P. Chester Co., Jan. T., 1903, No. 21, on verdict for plaintiffs in case of Harry Hurwitz and S. Raubfogel v. Dennis Kelly, Joseph W. Holman, Christian F. Bader and William H. Stoll. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for wrongful levy on goods. Before BUTLER, J.

At the trial it appeared that plaintiffs had purchased a stock of goods from the firm of Selman & Gelb. This firm subsequently became insolvent and the partners absconded. The defendant, Kelly, a constable, at the instance of the other defendants levied upon the goods sold to the plaintiffs.

The court under objection and exception refused to admit in evidence a decree dated October 13, 1902, of the court of common pleas, Chester county, in insolvency proceedings against Selman and Gelb. [3]

Defendant presented these points:

1. Selman & Gelb being insolvent at the time of the alleged

sale to the plaintiffs, the sale was an act of insolvency upon their part and in fraud of creditors, and under the law relating to insolvency (Act of 1901) inured to the benefit of all creditors of such insolvents, and the plaintiffs had no such title to the goods sold as would entitle them to recover in this action, proceedings in insolvency having been commenced within four months after the alleged sale, unless the jury believe from the plaintiffs' testimony that the transaction was within the exceptions contained in the second section of the act of 1901, and that the sale was made in good faith in the ordinary course of business without the knowledge upon the part of the plaintiffs of the insolvency of the firm of Selman & Gelb.

2. To entitle the plaintiffs to recover in this action the jury must believe that the sale and transfer of the property by Selman & Gelb to the plaintiffs was made in good faith, without knowledge or notice by the plaintiffs of the insolvency of Selman & Gelb, or reasonable cause of inquiry, and the burden is upon the plaintiffs to satisfy the jury of these facts.   *Answer:* These two points are disaffirmed, and in disaffirming them we have this to say:—" The law as stated in these points would probably apply if this were a contest between the plaintiffs and the receiver appointed under the insolvency proceedings."

The defendants who took the property here involved out of the possession of the plaintiffs, sometime before the insolvency proceedings were instituted, instantly on September 29, 1902, became liable for its value to the plaintiffs if the property belonged to them.   The plaintiffs' cause of action was then complete, and to support it, to prove title certain well recognized and fixed essentials were the extent of plaintiffs' burden.   The subsequently instituted insolvency proceedings, and the turning over of the property to the receiver, neither relieved the defendants from accountability to the plaintiffs, nor clothed them with authority to demand that plaintiffs do more than prove a bona fide purchase, for an honest, valuable consideration, free from purpose on their part to hinder or delay creditors of Selman & Gelb. [2]

4. Under all the evidence your verdict must be for the defendants.   *Answer:* That point is disaffirmed. [2]

Verdict and judgment for plaintiffs for $499.12.   Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) ruling on evidence, quoting the bill of exceptions.

*H. H. Gilkyson*, for appellant.

*Thomas W. Pierce*, for appellees.

Opinion by Orlady, J., April 17, 1905 :

The questions involved in the third point submitted by the defendants were regarded by them as the vital ones in the case. The court so considered them and fairly submitted the questions of previous knowledge and intended fraud to the jury in such a manner that, if found against the plaintiffs, there could not be a recovery. The whole controversy turned upon the determination of these facts and the jury has resolved them in the plaintiffs' favor under sufficient evidence to warrant their verdict.

The exclusion of the evidence stated in the third assignment of error did not in any way harm the defendants, as the insolvency of Slemon and Gelb was admitted by the plaintiffs, and the defendants' first point was framed upon that theory. The evidence clearly shows that the defendants acted in concert and in furtherance of a common purpose, so that, if liable at all, they were liable jointly.

The judgment is affirmed.