## Cooper *v*. Electro-Tint Engraving Company, Appellant.

*Malicious prosecution—Prosecutor—Parties—Evidence.*

In an action for malicious prosecution, the defendant cannot contend that he was not the prosecutor, where the evidence shows that the arrest was made at his instance, and with his knowledge and consent, although the officer was not expressly directed to make it.

*Malicious prosecution—Probable cause—Province of court and jury.*

In an action for malicious prosecution, where the facts are admitted, the question of probable cause is one of law for the court;

but this is the case only if the inferences to be drawn from the testimony are clear of doubt, and the evidence without conflict. Otherwise the case is for the jury.

In such a case where the evidence of plaintiff's innocence is already in the case by the record of acquittal, it is not reversible error to admit evidence of the whereabouts of the plaintiff at the time the alleged offense was committed.

Argued Oct. 14, 1918. Appeal, No. 115, Oct. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 2739, on verdict for plaintiff in case of George Cooper v. Electro-Tint Engraving Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

When George Cooper was on the stand he was asked the question:

Q. Where were you at 6:57 a. m. that day?

Mr. Buckley: Objected to.

The Court: Objection overruled. Exception for defendant.

A. In bed.

James Thomas Ward Cooper, sworn.

By Mr. Hayes:

Q. What relation are you to George Cooper, the plaintiff here?

A. I am his brother.

Q. Do you remember the day he was arrested in May?

A. Positively; yes, sir.

Q. Do you know where George was at 6:57 a. m. that morning?

Mr. Buckley: Objected to.

The Court: Objection overruled. Exception for defendant. (1)

Verdict and judgment for plaintiff for $1,000.   Defendant appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill of exceptions (2) in refusing binding instructions for defendant and (3) in overruling defendant's motion for judgment n. o. v.

*Elton J. Buckley,* with him *Edward Brooks, Jr.,* and *Frederick J. Geiger,* for appellant.—To maintain an action for malicious prosecution, it must be proved that there was a prosecution by defendant: Walbridge v. Pruden, 102 Pa. 1; Burk v. Howley et al., 179 Pa. 539; Katterman v. Stitzer, 7 Watts 189; Baker v. Moore, 29 Pa. Superior Ct. 301; Cotton v. Huidekoper, 2 P. & W. 149.

All the facts on which defendant acted, if defendant was responsible for the arrest, were clearly established at the trial and were not disputed.   This being true, it became the court's duty, under the settled rule of law, to say whether probable cause was or was not present: Travis v. Smith, 1 Pa. 234; Roessing v. Pittsburgh Rys. Co., 226 Pa. 523; Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164; Sheldrake v. Rumpf, 68 Pa. Superior Ct. 546; Mitchell v. Logan, 172 Pa. 349; Berger v. Helms, 44 Pa. C. C. R. 478; Robitzek v. Daum, 220 Pa. 61; McCoy v. Kalbach, 242 Pa. 123; Bernar v. Dunlap, 94 Pa. 329; Bryant v. Kuntz, 25 Pa. Superior Ct. 102.

In malicious prosecution evidence of plaintiff's innocence is immaterial and irrelevant, for guilt or innocence is not the issue: Robitzek v. Daum, 220 Pa. 64; Fisher v. Forrester, 33 Pa. 501.

*Francis M. McAdams,* with him *Michael D. Hayes,* for appellee.—That the plaintiff was arrested and imprisoned at the instigation of defendant is clearly shown by the testimony: Scott v. Dewey, 23 Pa. Superior Ct. 396;

Markley v. Snow, 207, Pa. 447; Swartz v. Bortree, 253 Pa. 304; Bosley v. Gerrity, 55 Pa. Superior Ct. 429.

We contend that where the party having the burden of proof endeavors to sustain it by oral evidence; and the oral evidence is of such a character that the other party can neither affirm nor deny, the case is exclusively for the jury: Bernar v. Dunlap, 94 Pa. 329; Smith v. Walter, 125 Pa. 453; Auer v. Mauser, 6 Pa. Superior Ct. 618; Swartz v. Bortree, 253 Pa. 304; Nydes v. Royal Neighbors of America, 256 Pa. 381.

The testimony offered by plaintiff in rebuttal was admissible to test the credibility of defendant's witnesses: Jackson v. Hillerson, 59 Pa. Superior Ct. 508; Kunzman v. Pittsburgh Railways Co., 230 Pa. 364.

OPINION BY WILLIAMS, J., December 12, 1918:

Defendant appeals from an adverse judgment in malicious prosecution.

May 9, 1916, plaintiff was arrested by a detective, charged with stealing three air brushes from defendant's plant. He was held for court, indicted, and subsequently acquitted. He brought this action. Defendant set up that it was not the prosecutor and that it had probable cause.

Defendant's president, and secretary, were notified that three air brushes had been stolen from the workroom on the morning of May 9, 1916. They ascertained upon investigation that a slightly built young man had come into the place shortly before seven o'clock, and said to the janitor, "Hello" or "Good morning, Mr. Anderson," "punched" the time clock and proceeded up stairs. Shortly after, the man came out, said something about tobacco to the janitor, and left. He wore a blue suit and derby hat, and the janitor thought he had worked at the plant. The number "punched" in the clock was "31," plaintiff's number when he had worked at the place four months before. A police detective, Burgess, responded to a call for an officer, the facts were stated to him, he

proceeded to the vicinity of Cooper's home and apprehended him. Cooper was roughly dressed when taken into custody and asked to be allowed to change his clothes. His request was refused. Upon arriving at defendant's plant Cooper was asked to repeat the words, "Good morning, Mr. Anderson" to the janitor who thereupon partially identified him as the morning intruder. The failure to identify was due, it was alleged, to the difference in costume and the detective advised that plaintiff be allowed to go home and change his clothes. After a conversation with defendant's president, out of plaintiff's hearing, Burgess took plaintiff to the police station and locked him up. At the magistrate's hearing, defendant's president testified against plaintiff and Anderson positively identified him as the early morning visitor to defendant's plant.

The detective, at the trial of this action, inferentially denied that he wanted to let plaintiff change his clothes, after admitting he had made such a request. Testimony was admitted, under objection, that plaintiff was at home in bed at the time the clock was "punched."

Appellant's first contention that defendant was not the prosecutor is not tenable. The arrest was made at the instance, and with the knowledge and consent of defendant, although the officer was not expressly directed to make it. This was sufficient to make defendant liable as a party to the prosecution: Burk v. Howley et al., 179 Pa. 539; McAleer v. Good, 216 Pa. 473.

It contends further that, the facts being admitted, the question of probable cause was one of law. This would be true if the inferences to be drawn from the testimony were clear of doubt and the evidence without conflict. The court below, in submitting the case to the jury in effect held that the uncontradicted evidence did not establish probable cause, and with this conclusion we agree. Plaintiff was arrested, contrary to the advice of the city detective, on a partial identification, or the jury might have so found. The circumstances surrounding

the arrest were not so free from doubt as to warrant the action taken.

The remaining ground urged by appellant is the irrelevancy of the testimony of the whereabouts of the plaintiff at the time the clock was "punched." This had a tendency to establish plaintiff's innocence but that does not necessarily make it incompetent: 26 Cyc. 96; and see Katterman v. Stitzer, 7 W. 189. Evidence of plaintiff's innocence was already in the case by the record of acquittal. The cases cited by appellant are not in point. They refer not to the competency of the evidence, except Katterman v. Stitzer, supra, but to mistaken submissions to the jury of the guilt or innocence of the plaintiff as the issue to be determined in malicious prosecution.

The judgment is affirmed.