# Angeloni *v.* Lederer et al., Appellants.

*Malicious prosecution—Lack of probable cause—Evidence—Sufficiency.*

In an action of trespass for malicious prosecution, it appeared that the defendants were engaged in the laundry business, and that the plaintiff had been for a length of time one of their employees who collected laundry bags from customers and delivered them at the laundry. He was discharged from that service, and very soon thereafter was employed by another concern engaged in the same business. The plaintiff then solicited business for his new employer from customers whom he had theretofore been serving and, with the consent of the customers, took seven bags of material to the laundry where he was employed. The bags were cotton laundry bags of small value, having stencilled thereon the name of the laundry operated by the defendants. Defendants, having learned of this action on the part of the plaintiff, went to the new employer's laundry and identified the bags. They then notified the police department who, in the presence of the defendants, arrested the plaintiff, on the allegation of the former that he had stolen "their laundry."

The defendants testified before the grand jury and at the trial, apparently without being subpoenaed.

Under such circumstances, there was sufficient evidence that the arrest was made at the instance and with the knowledge and consent of the defendants.

What facts and circumstances amount to probable cause is a question of law, but whether they exist in any particular case is a question of fact, and where facts are in controversy the subject must be submitted to the jury. There was evidence that the plain-

Syllabus—Arguments.    [89 Pa. Superior Ct.

cliff took the bags with the contents, and delivered them to the laundry openly in the presence of one or more of the employees, and that when the defendants called the policeman they accused the plaintiff of having stolen their laundry, evidently referring to the business which the plaintiff had diverted from them to his new employers.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 12, 1926.    Appeal No. 90, October T., 1926, by defendants from judgment of C. P. No. 4, Philadelphia County, December T., 1924, No. 10856, in the case of Nicholas J. Angeloni v. Raymond Lederer, George Goldwater and Harry Weil.    Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ.    Affirmed.

Trespass for malicious prosecution.    Before Finletter, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $700.    Subsequently the court reduced the verdict to the sum of $350 and ordered that a remittitur of all sums in excess thereof be filed, and judgment was entered thereon. Defendants appealed.

*Error assigned,* among others was the refusal of defendants' motion for judgment non obstante veredicto.

*Herbert W. Salus,* for appellants.—The question of probable cause is one of law for the court, where the facts relied on to constitute it are admitted or established beyond controversy: Taylor v. Amer. Int. Shipbldg. Corp., 275 Pa. 299; Roessing v. Pittsburgh Railway Co., 226 Pa. 523; Stratton v. Jordan, 77 Pa. Superior Ct. 596; Rabitzek v. Daum, 220 Pa. 61; Boyd v. Kerr, 216 Pa. 259; Huckstein v. New York Life Insurance Co., 205 Pa. 27.

*Harry Shapiro,* for appellee.

OPINION BY HENDERSON, J., December 10, 1926:

This action grew out of a prosecution of the plaintiff on a charge of larceny, of which he was acquitted at the trial in the Court of Quarter Sessions. The appellants now assign for error the refusal of the court (1) to give binding instructions for the defendants, and (2) to enter judgment for the defendants non obstante veredicto, the reason for such requests as stated by the appellants' counsel being that there was not sufficient evidence that the appellants participated in the prosecution and that want of probable cause did not appear. The defendants were engaged in the laundry business and plaintiff had been for a length of time one of their employees who collected laundry bags from customers and delivered them at the laundry. He was discharged from that service and very soon thereafter was employed by another concern engaged in the same business. The plaintiff then solicited business for his new employer from customers whom he had theretofore been serving and, with the consent of the customers, he took seven bags of material to the Logan Laundry where he was employed, to be washed. The bags were cotton laundry bags of small value, having stenciled thereon the name of the laundry operated by the defendants. They were taken directly to the laundry with the contents. The defendants, having learned of this action on the part of the plaintiff, went to the Logan Laundry about two o'clock in the morning and saw the bags there. They notified the police department and within about half an hour members of that force came to the laundry and, in the presence of the defendants, arrested the plaintiff on the allegation of the former that he had stolen "their laundry." The evidence of the plaintiff shows that the defendants demanded that the plaintiff be arrested and that they insisted

that a policeman take him in charge, whereupon he was taken to the police station and put in a cell until morning. The defendants testified before the grand jury and at the trial, apparently without being subpoenaed. On this state of facts there can be no doubt that the arrest was made at the instance and with the knowledge and consent of the defendants and this is all that is necessary to charge them with liability in this respect: Burk v. Howley, 179 Pa. 539; McAleer v. Good, 216 Pa. 473; Cooper v. Electro-Tint Eng. Co., 70 Pa. Superior Ct. 517.

The contention that there was sufficient evidence of probable cause cannot be sustained. There was a controversy as to relevant facts and some of those not in dispute furnished foundation for inferences of lack of good faith on the part of the defendants in promoting the prosecution. What facts and circumstances amount to probable cause is a question of law, but whether they exist in any particular case is a question of fact and where facts are in controversy the subject must be submitted to the jury. It was in evidence that the plaintiff took the bags with the contents and delivered them to the laundry openly in the presence of one or more of the employees of the laundry and that when the defendants called the policeman they accused the plaintiff of having stolen their laundry, evidently referring to the business which the plaintiff had diverted from them to the Logan Laundry. There was also evidence that the defendants did not own the laundry bags; that they charged their customers for the bags as they received them and that they had no title to them. The whole evidence would warrant a jury in concluding that the defendants, irritated by the loss of business, instituted the prosecution not because of a crime committed by the plaintiff but as punishment for his interference with their trade. This was all considered

by the learned trial judge who, in a satisfactory review of the case, refused judgment non obstante veredicto.  We do not discover any error in the trial which calls for a reversal of the judgment; it is, therefore, affirmed.