## Mason v. Clabby et al.

*Harry Goldbacher*, for plaintiff; *Edward F. Hitchcock*, for defendant.

KUN, J., June 9, 1933.—This suit was filed by the plaintiff to recover damages for alleged malicious prosecution. According to the pleadings it was the defend-

ant Cutler who actually prosecuted the plaintiff, charging plaintiff with embezzlement before a police justice at Trenton, N. J. Thereafter, Cutler requested the district attorney to nol pros. the bills of indictment which had been found. The other defendant, Clabby, was named on the ground, as alleged, that he had written letters to Cutler on the basis of which it was claimed that the prosecution of Cutler was "at the instance, direction and instigation" of Clabby. On rule taken by the defendant Clabby, plaintiff was directed to file a more specific statement, following which plaintiff filed a supplemental statement. To this defendant Clabby demurred under section 20 of the Practice Act of 1915, and at a hearing thereon counsel for plaintiff requested permission to file another supplemental statement to include copies of letters alleged to have been written by Clabby to Cutler, in substantiation of the charge that Clabby had advised and directed the prosecution of plaintiff.

On consideration of the demurrer to the second supplemental statement, in which we must now assume that the plaintiff has pleaded his case as fully as it is possible for him to do, we find there is in it no legal cause of action against the defendant Clabby. There is not the slightest foundation to be found in any of the letters for the statement that Clabby "prompted, encouraged and suggested prosecution of the plaintiff", as alleged. What appears is that Cutler had complained to Clabby about certain actions of the plaintiff in some money transactions and all that Clabby did was to say in effect that he should get all the information available on the subject and act accordingly. The only pertinent references are the following:

"Of course I know you told me all the tricks and crooked transactions that you were the Victim of. But find out the name of the poor woman and her address, and all else that you can learn, find out if you can just what way and for purpose he got the money and just what he told the poor woman that caused her to let go of it—he must have done something, either promised her something or tell her something. It was perhaps a criminal act, and he no doubt could be indicted. You ought to know, you may make use of this woman as a witness or a leaver to get what is due you.

"When you find out who she is, I would go and have a heart to heart talk with her. That man who you saw over in the Yardville N. Bank is a very decent fellow, and he will tell you if he thinks your reason is a good one for knowing.

"There is quite a large amount of money due you. Go find out all of the crooked work he has done, you can use it when the time comes and when you are trying to get yours. So don't miss anything, get facts that you can make use of", and

"I read today from Mary C. Kinsman an account as well as she could make it showing that Mason swindeled her to the extent of amt. of $10,977 aint it a dam shame, he ought to be in prison or in Hell." . . .

In a later letter, he stated: "I won't bother to help you in any way." A recognition of such a basis for suit would open the door to endless and irresponsible litigation. There is no suggestion in any of the letters that Cutler swear out warrants against the plaintiff for embezzlement of Cutler's money, which is the real basis of the present suit. Cutler alone, if he had no reasonable cause, is the one liable. The fact that the defendant Cutler has turned over to the plaintiff letters which he had received from the other defendant, Clabby, for the purpose of bringing Clabby in as a party defendant in the suit, would indicate some combination between them to endeavor to mulct Clabby who, according to the letters, did no more than advise Cutler in a friendly way. We cannot countenance any such proceeding.

It is true that where an arrest is made at the instance and with the knowledge and consent of the defendant, though he did not expressly direct it, he may

630

be liable as a party to the prosecution: Burk v. Howley et al., 179 Pa. 539; McAleer v. Good, 216 Pa. 473; Cooper v. Electro-Tint Engraving Co., 70 Pa. Superior Ct. 517. But there is no such allegation, nor could there be on the basis of the letters in this case.

As stated in 38 C. J. 395: "The test of liability in an action for malicious prosecution is: Was defendant actively instrumental in putting the law in force? To sustain the action, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. Mere passive knowledge or acquiescence or consent in the acts of another is not sufficient to make one liable. To impose liability there must be some affirmative action by way of advice, encouragement, etc."

There is nothing in the statement of claim to even suggest a conspiracy between the defendants against plaintiff, which would be the only basis for joining them as defendants. It has been uniformly held that the mere knowledge, acquiescence, or approval of an act, without coöperation or agreement to coöperate, is not enough to constitute one a party to a conspiracy. There must be an agreement to participate or an intentional participation in the transaction with a view to the furtherance of a common design and purpose: 12 C. J. 544.

To justify a joint liability it must appear that the defendants "acted in concert and in furtherance of a common purpose": Hurwitz v. Kelly, 28 Pa. Superior Ct. 104. There is no such averment in this case and there could not be on the basis of the letters of the defendant Clabby to the other defendant, Cutler, as claimed by the plaintiff.

Where an action was brought against a prosecutor, a magistrate, and a constable for conspiring to arrest and imprison a person without probable cause, evidence that each one acted illegally or maliciously against the plaintiff was held not to support a joint action against them, in the absence of proof that the defendants conspired against them to do the acts. In a word, though each might be liable for his own wrong, they could not be held jointly without proof of some combination between them or concert of action, which is the gist of a conspiracy: Newall v. Jenkins, 26 Pa. 159. As stated in Ballentine v. Cummings, 220 Pa. 621, 630: "A conspiracy to defraud on the part of two or more persons means a common purpose supported by a concerted action to defraud, that each has the intent to do it, and that it is common to each of them, and that each understands that the other has that purpose." As we have indicated, there could not be any such averment in this case on the basis of the letters referred to.

The citation by the plaintiff of the general rule from 21 P. & L. Dig. Dec. c. 37517, on the liability of those who incite others to commit a trespass or who adopt or approve a trespass by one over whom they have authority or control or who tacitly accept the benefits arising therefrom, is obviously inapplicable to the instant case.

As to the allegation that while plaintiff was in custody (on a warrant issued on the affidavit of the defendant Cutler) the other defendant, Clabby, "attempted to prevent the entering of bail for the plaintiff's release by threatening foreclosure proceedings on a first mortgage held by him against property of the intended bondsman, namely, Susan Yard", aside from the fact that this states no cause of action, it is quite clear that it does not even attempt to state a cause of action as against Cutler and Clabby jointly, the former being in no way directly or indirectly concerned in said cause as alleged.

We are aware of the fact that judgment for defendant on a statutory demurrer should be entered only in clear cases. We believe this is such a case.

Plaintiff was permitted to file two supplemental statements of claim to give him the fullest opportunity to state his claim as fully and completely as it was possible for him to do. It appears to us now as a question of law that plaintiff has shown no cause of action against the defendant Clabby, wherefore the questions of law raised by the defendant Clabby to the second supplemental statement of claim filed by the plaintiff are resolved in favor of the defendant Clabby and judgment entered for said defendant.